**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Roger D. MAPLES, Defendant–Appellee.**

No. 94–5971.

United States Court of Appeals, Sixth Circuit.

Argued April 14, 1995.

Decided July 28, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 6, 1995.\*

\* Nelson, Circuit Judge, would grant rehearing for the reasons stated in his dissent.

Michael E. Winck (argued and briefed), David G. Dake (briefed), Asst. U.S. Attys., Office of U.S. Atty., Knoxville, TN, for plaintiff-appellant.

James A.H. Bell, Law Offices of James A.H. Bell, Knoxville, TN (argued and briefed), for defendant-appellee.

Before: NELSON and BOGGS, Circuit Judges; GILMORE, District Judge.*

GILMORE, D.J., delivered the opinion of the court, in which BOGGS, J., joined. NELSON, J. (p. 248), delivered a separate dissenting opinion.

GILMORE, District Judge.

This appeal involves the question of whether a district court abused its discretion when

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

it ordered the suppression of relevant evidence for an unintentional discovery violation. For the reasons set forth below, we conclude that the District Court abused its discretion, and we must reverse its order suppressing evidence and remand the case for trial.

On March 15, 1994, a Federal Grand Jury, sitting in the Eastern District of Tennessee, returned a two-count indictment against appellant Roger D. Maples. The first count charged him with manufacturing marijuana, the second with possession with intent to distribute marijuana.

Maples was arraigned on March 23, 1994, and trial was scheduled for May 24, with a deadline for pretrial motions of April 15. Defendant filed a flurry of motions and memoranda on April 15, including a motion to disclose all statements the Government would seek to attribute to the defendant. The court granted this motion on May 5, and postponed the trial until July 29, 1994.

On June 10, defense counsel learned of a video tape of Maples making an inculpatory statement. On June 17, counsel moved to suppress the tape and related materials as a sanction for discovery abuse, pursuant to Fed.R.Crim.P. 16(d)(2), claiming the government had violated the court's May 5 discovery order. A magistrate judge conducted a hearing on June 24, and filed a Report and Recommendation to grant the defendant's motion. He concluded that "The Court's order on discovery . . . has been violated by the government. I do not find that such a violation was deliberate, nor do I know of any specific prejudice that has occurred to the defendant since the trial of this case is not set until July 29, 1994. However, the government failed to exercise due diligence."

The magistrate judge further held that granting a continuance would be a slap on the wrist of the government, so suppression was a more proper remedy. The district court heard oral argument, and, on July 25, adopted the magistrate judge's Report and Recommendation in its entirety. This interlocutory appeal, pursuant to 18 U.S.C. § 3731, followed.

■ It was admitted in argument before the district court that the withholding of the tape was not deliberate, that there was no prejudice to the defendant, and that there was ample time for the defendant to consider the tape in time for trial. In short, there was no prejudice of any kind to the defendant, and the nondisclosure was not deliberate or willful. Nevertheless, the trial court adopted the Magistrate Judge's report and recommendation in its entirety.

■ We hold that it was an abuse of discretion to impose the most severe sanction, suppression, instead of granting a continuance, if necessary, or ordering less stringent sanctions under Federal Rule of Criminal Procedure 16(d)(2). Rule 16(d)(2) sets forth the actions a court may take for discovery violations in criminal cases. It provides:

> If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

It is well settled that a district court has considerable discretion under Rule 16, and that its imposition of a remedy or sanction for a discovery violation will be reviewed under an abuse of discretion standard. *United States v. Muhammad*, 948 F.2d 1449, 1454–55 (6th Cir.1991), *cert. denied*, 502 U.S. 1119, 112 S.Ct. 1239, 117 L.Ed.2d 472 (1992).

Here, the government asserts that the district court abused its discretion under Rule 16(d)(2) when it suppressed the video tape and an agent's notes, two pieces of extremely relevant evidence in the government's case against the defendant. The suppressed evidence contained statements made by the defendant, which were discoverable and should, under Rule 16(a)(1), have been disclosed by the end of March, pursuant to the court's discovery scheduling order. It is also undisputed that defendant's counsel obtained access to the tape and the note when he met with agents of the 4th Judicial District Task Force on June 10, 1994. Thus, the evidence in question was disclosed seven weeks before

the scheduled trial date of July 29, 1994, but over five weeks after the Court entered its May 5, 1994 order granting defendant's motion for disclosure.

It was further agreed by the magistrate judge and all parties that the defendant was not prejudiced, and that the government had not deliberately failed to disclose the materials. In short, it was agreed that there was, at most, negligence on the part of the government.

■ Appellate decisions in this and other circuits have identified several factors which should be considered in deciding whether suppression of evidence is an appropriate remedy to be imposed for a discovery violation. These include: (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess. *See United States v. Wolak,* 923 F.2d 1193, 1196–97 (6th Cir.), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2824, 115 L.Ed.2d 995; *United States v. Glover,* 846 F.2d 339, 342 (6th Cir.), *cert. denied,* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565; *United States v. Mavrokordatos,* 933 F.2d 843, 847–48 (10th Cir.1991); *United States v. Euceda–Hernandez,* 768 F.2d 1307, 1312 (11th Cir.1985).

In *United States v. Bartle,* 835 F.2d 646 (6th Cir.1987), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1245, 99 L.Ed.2d 443 (1988), the Sixth Circuit addressed the scope of a district court's discretion in imposing remedies pursuant to Rule 16(d)(2). There, the government sought to introduce evidence at trial which it had failed to provide to defendant in violation of a discovery order. The defendant sought to exclude the evidence without moving for a recess or continuance. The court held that the district court did not abuse its discretion in admitting the evidence, explaining that "Rule 16 does not require federal courts to exclude evidence not turned over to the discovering party in violation of a discovery order." *Id.* at 649. Because the court found "absolutely no evidence that the government engaged in any

deceitful conduct," it concluded that the district court had discretion to admit the evidence. *Id.* at 650. It also noted that the defendant had not proposed any alternative remedies to suppression, and concluded that "[e]xcluding a critical piece of documentary evidence when a recess or continuance would have adequately protected the defendant's legitimate interests is particularly inappropriate where, as here, the government neither willfully nor negligently violated the discovery order." *Id.*

Many courts have adopted the position of favoring imposition of the least severe remedy available to cure prejudice. *See Euceda–Hernandez, supra; United States v. Dennison,* 891 F.2d 255 (10th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3215, 110 L.Ed.2d 663 (1990); *United States v. Bentley,* 875 F.2d 1114, 1118 (5th Cir.1989).

■ Here, the district court found as a matter of fact that the government had not acted intentionally and that the defendant suffered no prejudice in the delay. While defendant agrees there was no bad-faith misconduct by the government, he argues that the suppression was appropriate because he suffered some prejudice, such as waste of time on early trial strategies and possible disadvantages at sentencing. It appears to the court, however, that these prejudices are far too intangible and speculative for us to conclude that any meaningful prejudices resulted from the delay. The real question is whether, under such circumstances, the district court's discretion to fashion a discovery remedy should be limited by an anti-suppression bias. We believe that it should.

■ The goal of discovery in criminal trials is to insure a fair and thorough determination of defendant's guilt or innocence. In order to reach this goal, suppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court.

District courts should embrace the "least severe sanction necessary" doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve

remedial objectives. Here, no prejudice or intentional violation was disclosed.

The district court determined the evidence was extremely relevant, was not intentionally withheld, and that its late disclosure resulted in no specific prejudice to the defendant. Under such circumstances, we must conclude that the district court abused its discretion by granting Defendant's motion to suppress the evidence.

Reversed and remanded for trial.

DAVID A. NELSON, Circuit Judge, dissenting.

The magistrate judge expressly found that the government's violation of the discovery order was negligent. This finding was not clearly erroneous, in my view. I also think it was within the province of the district court to find that suppression of the video tape and agent's notes was the least severe sanction likely to deter similar acts of negligence in the future. Accordingly, and having regard not only to the nature of the evidence in question but also to the fact that its suppression would not preclude the government from presenting oral testimony as to the defendant's inculpatory statements, I cannot say that the district court abused its discretion in accepting the recommendation that the video tape and notes be suppressed. See *United States v. Glover*, 846 F.2d 339, 342 (6th Cir.), *cert. denied*, 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988). (As far as the agent's notes are concerned, incidently, it is far from clear that the notes would have been admissible in any event.) I would affirm the district court's order.