107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick Lamont STEWART, Defendant-Appellant.
 No. 95-6188.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1997.
 
 Before: RYAN and BATCHELDER, Circuit Judges; and MILES, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Derrick Stewart appeals his conviction for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Defendant challenges the district court's decision allowing the government to cross-examine defense witnesses regarding evidence that was not disclosed to the defendant before trial. Defendant also appeals his sentence. For the following reasons, we AFFIRM.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 In July 1994, the Kentucky state police began an undercover drug investigation involving crack cocaine in the Lexington area. As part of this investigation, Officer Jasper White contacted and arranged drug transactions with suspected drug dealers. Officer White used an informant called "Pookie" to facilitate these transactions.
 
 
 3
 On January 7, 1996, Pookie contacted defendant and arranged to purchase crack cocaine. White and Pookie drove to defendant's residence to consummate the transaction. Defendant showed White three ounces of crack cocaine and informed him that the drugs would cost $3000. After defendant produced a scale and weighed the drugs, White made the purchase.
 
 
 4
 Police subsequently arrested defendant. A grand jury indicted defendant in a one count indictment for the distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). A jury trial commenced in May 1995.
 
 
 5
 At trial, defendant asserted an entrapment defense, the substance of which was that "Pookie made me do it." According to defendant, Pookie repeatedly importuned him to sell Pookie's cousin the drugs, ostensibly because Pookie did not want to sell them himself at the cut rate he expected his cousin would demand. Defendant further explained that White and Pookie had come to his house, that Pookie had come inside, provided him with three ounces of crack cocaine and instructed him to charge the cousin $1000 for each ounce. Defendant then went outside and sold the drugs to the cousin, who was, unfortunately for the defendant, Officer White. While defendant never denied selling crack to White, he did claim that he gave the $3000 back to Pookie.
 
 
 6
 During a recess at trial, a Kentucky police officer apprised the government that various items had been seized from defendant's residence during a search pursuant to a state search warrant. Those items included: (1) $2810 in cash; (2) a set of scales; (3) .80 grams of crack cocaine; (4) a small amount of marijuana; and (5) two safes. Upon learning this information, the government immediately requested a bench conference. The government sought the court's permission to cross-examine defendant and his mother regarding these items. Defendant objected, arguing that the seized evidence was inadmissible pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of Evidence. After hearing arguments on the issue, the district court overruled defendant's objection and allowed the questioning.
 
 
 7
 The jury subsequently found defendant guilty. The district court sentenced him to 168 months imprisonment and 5 years supervised release. Defendant filed a timely notice of appeal.
 
 II. DISCUSSION
 A.
 
 8
 Defendant claims that the district court committed reversible error when it allowed the government to cross-examine witnesses regarding the seized items. We disagree.
 
 
 9
 The manner in which a district court handles Rule 16 discovery violations is reviewed for an abuse of discretion. United States v. Maples, 60 F.3d 244, 246 (6th Cir.1995) (citation omitted). Findings of fact made in the course of this determination will not be set aside unless clearly erroneous. See Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 573-76 (1985); United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.1990).
 
 
 10
 Rule 16(a)(1)(C) provides, inter alia, that upon defendant's request, the government shall turn over any tangible objects that are within the "possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belonged to the defendant." FED.R.CRIM.P. 16(a)(1)(C). Rule 16 does not categorically bar the admission of evidence not disclosed prior to trial. See FED.R.CRIM.P. 16(d)(2). Rather, the rule grants the district court wide discretion in fashioning a remedy to deal with any discovery violation brought to its attention. For example, the court may grant a continuance, prohibit the offending party from introducing the undisclosed evidence, or enter any other order it deems just under the circumstances. Id. In exercising its discretion on this matter, the district court should consider three factors: (1) the reasons for nondisclosure; (2) the extent of prejudice to the defendant; and (3) the possibility of ameliorating any prejudice by granting a recess or continuance. United States v. Maples, 60 F.3d 244, 247 (6th Cir.1995) (citations omitted).
 
 
 11
 The district court did not abuse its discretion. The government's nondisclosure was not an act of bad faith. Indeed, the government first learned of the search during a trial recess, when a Kentucky police officer brought the matter to the prosecuting attorney's attention. The prosecuting attorney immediately apprised defense counsel of this discovery. This is not a case where the government has willfully withheld discoverable evidence and later sought to introduce that evidence during its case-in-chief. See United States v. Muhammad, 948 F.2d 1449, 1455 (6th Cir.1991) ("[A]bsent a showing of some impropriety or willfulness by the government, it was within the district court's discretion to admit [the defendant's previously undisclosed] statement....").
 
 
 12
 At oral argument, defense counsel stated that the district court's ruling prejudiced the defense strategy because had counsel known about the seized items, she would not have pursued an entrapment defense. Additionally, counsel argues that had she known about the seized $2810, she would have called witnesses to testify that this money represented the proceeds from the sale of defendant's car. These arguments are unpersuasive. Defendant was present while police conducted the search and was fully aware of the items police seized. Although defendant did inform his counsel that police searched his residence, he failed to tell counsel that items had been seized. Defendant's selective memory, not the government's unwitting nondisclosure, caused any of the resulting problems in trial strategy. Further, defendant could have lessened any prejudice by requesting a recess or continuance in order to locate the additional witnesses who would testify about the sale of defendant's car. Defendant asked for neither.
 
 
 13
 As we stated in United States v. Maples, 60 F.3d at 247, "[t]he goal of discovery in criminal trials is to insure a fair and thorough determination of defendant's guilt or innocence." To reach that goal, "suppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." Id.
 
 
 14
 Defendant's assertion that the district court's ruling violated Rule 404(b) of the Federal Rules of Evidence is meritless and warrants no further discussion.
 
 
 15
 Accordingly, we hold that the district court did not abuse its discretion in allowing the government to cross-examine defense witnesses regarding the items seized from defendant's residence.
 
 B.
 
 16
 Defendant raises three sentencing issues on appeal. Defendant argues that the district court erred in enhancing his sentence two levels for the obstruction of justice, refusing to reduce his sentence two levels for an acceptance of responsibility, and refusing to grant a downward departure in his criminal history category. Although the ultimate result may seem harsh, after carefully reviewing the record, the applicable law, and counsels' arguments, we are not persuaded that the district court erred in computing defendant's sentence.
 
 III. CONCLUSION
 
 17
 We therefore AFFIRM defendant's conviction and sentence.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation