**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0312n.06
Filed: May 30, 2008

**07-1007**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN LONDON BRADSHAW, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, GILMAN, and ROGERS, Circuit Judges.

PER CURIAM. The defendant, John London Bradshaw, appeals from the district court's judgment, claiming that his convictions for conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base (Count 1) and possession with intent to distribute five grams or more of cocaine base (Count 2) should be set aside because the district court impermissibly admitted "other acts" evidence under Federal Rule of Evidence 404(b). The defendant does not argue that the purported "other act" in this case did not occur or that it was not relevant to the charges for which he stood trial. He does contend, however, that the prejudicial effect of the evidence outweighed its probative value, thereby jeopardizing his right to a fair jury. The government insists, first, that the evidence in question is not subject to challenge under Rule 404(b); that, alternatively, even if it is

subject to 404(b) analysis, the district court did not abuse its discretion in ruling in favor of admissibility; and, finally, that any error in the introduction of the evidence was harmless, at most. We find no reversible error and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The charges in this case arose from a controlled buy of crack cocaine by Ironwood (Michigan) police officers who had received a tip that drugs were being sold from Room 201 at the Blue Cloud Motel. A woman named "Rainbow," later identified as co-defendant Susan Cook, made the sale. The government's theory was that Cook, who was sharing a room with defendant Bradshaw, took the purchase money, exchanged it with Bradshaw for the cocaine, and passed the cocaine on to the undercover buyer. After the successful controlled purchase and a positive field test for cocaine, the police placed the motel room under surveillance for two hours while they obtained a search warrant. When the police executed the warrant, they found Bradshaw lying face down on a bed trying to stuff a Crown Royal liquor blue velvet bag between the bed and the wall. The bag turned out to contain 27 grams of crack cocaine and some of the photocopied money from the controlled buy. Elsewhere in the room, the officers found additional crack cocaine and digital scales, as well as a quantity of marijuana in a tan winter jacket. The lining of the jacket also contained more of the photocopied money from the controlled buy. This jacket, which police photographed but did not seize, later became the subject of the current 404(b) challenge.

Following Bradshaw's and Cook's indictment on conspiracy and drug distribution charges, Bradshaw filed a motion in limine seeking to exclude evidence that less than three weeks after his arrest in Ironwood, he had been arrested in Milwaukee for possession and distribution of crack cocaine and had made a statement to police that he had been selling crack cocaine to support his family. The court reserved ruling on the motion until trial.

At trial, the district court denied the motion, permitting two Milwaukee police officers to testify about their interrogation of Bradshaw, although they did not tell the jury that he had actually been arrested, that he was in possession of crack at the time of his arrest, or that he was charged with distribution. They did testify that Bradshaw was wearing a tan jacket that appeared to be the same one depicted in the photograph taken in Ironwood and that there were plastic baggies in the pocket of the jacket. Moreover, one of the officers repeated Bradshaw's statement to police that he had "been selling for about two weeks, roughly" because "he had to take care of his family . . . and making $6.75 an hour wasn't enough to support his two children." The district court ruled that testimony about the jacket and about the defendant's statement to the Milwaukee officers could come in under Rule 404(b) to establish intent – to show whether "he [was] in Ironwood with the intent to sell crack, or was he there to have sex with Rainbow" – after making an explicit determination that the probative value of the evidence outweighed its prejudicial effect.

## **DISCUSSION**

As a general rule, we review a district court's admission of evidence under Rule 404(b) for abuse of discretion.  See United States v. Ganier, 468 F.3d 920, 925 (6th Cir. 2006).  In this case, however, we conclude that there was no abuse of discretion because the testimony in question was not subject to objection on the basis of Rule 404(b).

The district court characterized the statement given by Bradshaw to the Milwaukee detective as 404(b) evidence of an "other act," both because the statement was given while Bradshaw was under arrest for another act of dealing crack cocaine and because the statement could refer to other acts of selling crack cocaine in the time period between Bradshaw's arrest in Ironwood and his arrest in Milwaukee.  But the jury knew only that Bradshaw had been "interviewed" by a Milwaukee officer who was assigned to drug enforcement, after being given Miranda warnings. Although testimony about his statement could be construed as indicating Bradshaw's status as a suspect in a drug case in Milwaukee, the jury was told to consider it only to show that Bradshaw had intentionally been engaged in dealing crack cocaine in Michigan a little over two weeks earlier. In fact, the statement was relevant as an incriminating admission by the defendant and not as 404(b) evidence.  There was, therefore, no error in its introduction.

Nor do we find any error in connection with the introduction of testimony concerning the tan coat that Bradshaw was wearing during his interview in Milwaukee.  At trial, the

attorneys seemingly agreed it was not a 404(b) issue,[1] although the defendant contends on appeal that testimony concerning the seizure of baggies from the pocket of the coat could have been taken as evidence of his involvement in a separate offense. However, his incriminating statement to Milwaukee police about his activities during the preceding weeks made any such inference a matter of harmless error, at most. Moreover, we conclude that defendant's possession of the jacket in Milwaukee was relevant circumstantial evidence of his involvement in drug-trafficking in Ironwood, based on testimony concerning the photocopied money from the earlier controlled buy that was found in the jacket in the Blue Cloud Motel room. The defendant had not identified the jacket as his at the time of his arrest in Ironwood, giving its discovery in his possession two weeks later in Milwaukee significant relevance as circumstantial evidence of his participation in the conspiracy charged in Count 1 of the indictment. As a result, we

---

[1]The transcript reveals the following exchange:
[WITNESS]: It was . . . during his custodial search [that] I pulled several distinct plastic baggies out of that pocket.

\* \* \* \* \*

THE COURT: Okay. We're talking about the 404(b).
[DEFENSE ATTORNEY]: We are.
[PROSECUTOR]: I think I'm just going to stop right there.
THE COURT: Do you want to stop it right there?
[PROSECUTOR]: Are you going to object to what he already said [about the baggies]?
[DEFENSE ATTORNEY]: Are you going to stop right there? That's my choice at this point.
[PROSECUTOR]: I think I'm going to stop right there.
THE COURT: Okay. Then I guess we really don't have a 404(b) then.

conclude that the testimony at issue was not actually subject to a 404(b) objection, and its introduction was not error.

## **CONCLUSION**

For the reasons set out above, we find no reversible error in connection with the issues raised on appeal and, therefore, AFFIRM the judgment of the district court.