**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4084**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROBERT SPRINGSTEAD,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Mark S. Davis, District
Judge.  (2:11-cr-00061-MSD-FBS-1)

_____

Submitted:  November 30, 2012      Decided:  April 15, 2013

_____

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, SWAIN, HADDAD &
MORECOCK, P.C., Virginia Beach, Virginia, for Appellant.  Neil
H. MacBride, United States Attorney, Benjamin L. Hatch,
Elizabeth M. Yusi, Assistant United States Attorneys, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a two-day bench trial, Robert Springstead was convicted of eleven counts of distribution of child pornography, three counts of receipt of child pornography, one count of possession of child pornography, two counts of receipt of obscene visual representations of the sexual abuse of children, and one count of possession of obscene visual representations of the sexual abuse of children. He received a 204-month sentence. On appeal, Springstead contends that the district court erroneously admitted expert testimony and evidence of a fictional story Springstead wrote when he was fourteen years old. Finding no reversible error, we affirm.

On appeal, Springstead first argues that the district court erred in admitting Special Agent Paul Wolpert's testimony regarding his forensic examination of Springstead's computer. Specifically, Springstead posits that Wolpert lacked the requisite knowledge and training to explain how the Forensic Tool Kit ("FTK") software used in this case was designed and functioned and that the Government failed to offer testimony regarding the reliability, peer review, error rate, and standards of the industry for the software as required by Fed. R. Evid. 702.

This court reviews the district court's decision to admit expert testimony under Fed. R. Evid. 702 for abuse of

2

discretion.  United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007) (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999)).  Pursuant to Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The district court must be granted "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."  Wilson, 484 F.3d at 273.  If an expert seeks to be qualified on the basis of experience, the district court must require that he "explain how his experience leads to the conclusion reached, why his experience is a sufficient basis for the opinion, and how his experience is reliably applied to the facts."  Id. at 274 (internal quotation marks and citation omitted).

The district court heard considerable evidence regarding Wolpert's education, experience, expertise, and personal involvement in this case.  The district court qualified Wolpert as an expert in internet and computer forensics, finding that Wolpert had "the requisite knowledge and training,

3

experience, and because of the certification process, there's been a method . . . whereby he's been tested on his familiarity and ability to operate the [FTK] that he uses in his computer forensic investigations."

Having reviewed the record with the appropriate standards in mind, we conclude the district court's decision to qualify Wolpert as an expert did not constitute an abuse of discretion. See United States v. Johnson, 617 F.3d 286, 293 (4th Cir. 2010) (noting the process of forensic data extraction requires "some specialized knowledge or skill or education that is not in the possession of the jurors") (quoting Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000) (internal quotations omitted)); see also United States v. Ganier, 468 F.3d 920, 926 (6th Cir. 2006) (holding that testimony that would "require [the witness] to apply knowledge and familiarity with computers and the particular forensic software well beyond that of the average layperson" fell within the scope of Rule 702). To the extent Springstead challenges the reliability of Wolpert's testimony on the ground that the district court inadequately considered factors such as testing, peer review, error rates, and acceptability in the relevant scientific community, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593-94 (1993), the test of reliability is "flexible," and Daubert's list of specific factors neither

4

necessarily nor exclusively applies to all experts or in every case. Kumho Tire Co., 526 U.S. at 141.

Next, Springstead argues the district court erred in admitting a two-page fictional story Springstead wrote at the age of fourteen about the sexual encounters of a six-year-old girl. Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show" that his action on a particular occasion conformed to that character. Fed. R. Evid. 404(b)(1). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Further, "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks omitted).

"Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403 . . . ," Siegel, 536 F.3d at 319, such that its probative value is not substantially

5

outweighed by its prejudicial value. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). Rule 403 requires exclusion of evidence only where the trial judge perceives "a genuine risk that the emotions of the jury will be excited to irrational behavior" disproportionate to the value of the proffered evidence. United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003) (internal quotation marks omitted).

Assuming, without deciding, that the district court erred in admitting the letter authored by Springstead at the age of fourteen, we nevertheless conclude that any error was harmless and does not warrant reversal. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); United States v. Lighty, 616 F.3d 321, 355–56 (4th Cir. 2010) (erroneous admission of prior bad acts evidence under Rule 404(b) subject to harmless-error analysis). Under the harmless-error standard, we will not reverse if we can "say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Kotteakos v. United States,

6

328 U.S. 750, 765 (1946); United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "This inquiry is not whether, absent the improperly admitted evidence, sufficient evidence existed to convict. . . . Rather, the inquiry is whether we can say that we believe it highly probable that the error did not affect the judgment." Lighty, 616 F.3d at 356 (citation and internal quotation marks omitted).

As noted by Springstead on appeal, the thrust of his defense at trial was that the Government did not produce a qualified expert to explain when and how child pornographic images were placed on the hard drive, particularly in light of Springstead's denial of any intentional possession, receipt, or distribution of child pornography. Springstead further argued that the Government could not produce a witness to testify that Springstead ever expressed any interest in child pornography or anyone to testify that he or she saw it on Springstead's computer or otherwise in Springstead's possession. In light of this failure, Springstead argues, the admission of the letter was not only erroneous, but prejudicial, requiring reversal. Contrary to Springstead's assertions, the Government introduced significant evidence implicating him in the possession, receipt, and distribution of child pornography. Therefore, even if the district court erred in admitting the letter, which we assume without deciding, we conclude that any error was harmless.

7

Last, Springstead raises a cursory claim that the evidence introduced at trial was insufficient to convict him. This argument is premised solely on the inadmissibility of Wolpert's expert testimony and the letter. Having rejected Springstead's arguments as to the admission of Wolpert's testimony and concluding sufficient evidence exists to support the convictions, we determine that this claim is without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

8