**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0093n.06

No. 09-5618

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 10, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CARLOS TORRES-PALOS, aka Carlos Torres, | ) | **O P I N I O N** |
| aka Daniel Calvillo-Saldana, aka Jose | ) | |
| Hernandez-Perez, | ) | |
| | | |
| Defendant-Appellant. | | |

BEFORE:     COLE, GIBBONS, and ROGERS, Circuit Judges.

**PER CURIAM.**  Defendant-Appellant Carlos Torres-Palos was indicted by a federal grand jury on one count of illegal reentry, in violation of 8 U.S.C. § 1326(a)-(b).  He pleaded guilty and the district court sentenced him to sixty-four months of imprisonment.  Torres-Palos filed this appeal claiming his sentence is unreasonable.  For the following reasons, we **AFFIRM**.

**I.**

Torres-Palos is a Mexican citizen who came to the United States as a teenager.  On August 20, 2008, Torres-Palos was arrested for leaving the scene of a motor vehicle accident, driving without a license, and criminal impersonation.  Fingerprints taken pursuant to this arrest revealed a prior state conviction upon a guilty plea for voluntary manslaughter and two previous deportations.

Federal authorities were notified and thereafter Torres-Palos pleaded guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326(a)-(b), on January 8, 2009.

The government filed notice in the district court of its intent to use Torres-Palos's prior voluntary manslaughter conviction to enhance his sentence. The United States Pretrial Services and Probation Office completed a Presentence Investigation Report ("PSR") and determined that Torres-Palos's base offense level was eight. After adding a sixteen-level enhancement for a prior crime of violence—Torres-Palos's manslaughter conviction, *see* United States Sentencing Guidelines Manual ("Guidelines") §2L1.2(b)(1)(A)(ii), and a three-level reduction for acceptance of responsibility, Torres-Palos's total offense level was twenty-one. Torres-Palos had nine criminal history points, resulting in a criminal history category of IV and a Guidelines range of 57 to 71 months of imprisonment. Torres-Palos filed a motion for a non-Guidelines sentence, claiming that a lower sentence would be sufficient to achieve the purposes of 18 U.S.C. § 3553(a). The government opposed the motion and requested a within-Guidelines sentence.

At a sentencing hearing on May 14, 2009, the district court found that the PSR had accurately calculated Torres-Palos's Guidelines range. The court then heard argument on Torres-Palos's motion for a non-Guidelines sentence. Torres-Palos argued that the sixteen-level enhancement for a prior crime of violence should not apply because he killed the victim while in a state of passion produced by adequate and reasonable provocation, which is why the charge was reduced to voluntary manslaughter. He further explained that the state court recognized the mitigating circumstances of the crime by imposing only a six-year sentence that was reduced to five years of probation after he served one year. The government responded that the instant circumstances do not fall outside of the

heartland of cases to warrant a non-Guidelines sentence and that the enhancement is for a crime of

violence, not murder specifically. After hearing both parties' arguments, the district court stated:

> [t]he Court having considered the facts and the Court accepting the facts as stated by
> [Torres-Palos], the Court has pinned its decision on the factors in Section 3553(a),
> and the Court has decided that a nonguidelines sentence would not be appropriate in
> this case. As the government indicates, the statute and the guidelines both refer to
> a crime of violence, not the particular crime. The Court also takes into account that
> the defendant received a significant break from the state system, both by the
> reduction of the charge and also by the very lenient sentence he received. While he
> was on probation or parole for that state conviction, he committed the crime that he's
> here before the Court for. So taking into account the Section 3553(a) factors, the
> Court does not deem a nonguidelines sentence appropriate in this case.

(Sentencing Hr'g Tr., Dist. Ct. Docket No. 29, at 9.)

Next, the district court gave both parties an opportunity to present their respective positions

on an appropriate sentence. Torres-Palos, speaking through an interpreter, asked the district court

why his prior convictions were being used to increase his sentence and presented the court with a

certificate indicating his completion of a drug and alcoholism treatment program. The district court

ensured that Torres-Palos's counsel had explained to him the reasons his criminal record was

considered, and complimented Torres-Palos on finishing the treatment program while emphasizing

the severity of his record of impaired driving. Immediately prior to announcing the sentence, the

district court stated,

> [t]he Court having considered [Torres-Palos's] background, the Court having
> considered the factors in 18 U.S.C. Section 3553(a), the Court having considered its
> authority under the *Booker* decision, the *Kimbrough* decision, and the *Gall* decision,
> the Court has concluded that a sentence within the guideline range is appropriate in
> this case, that such a sentence is no greater than necessary to fulfill the purposes set
> forth in Section 3553(a).

(*Id.* at 14.) The district court then sentenced Torres-Palos to sixty-four months of imprisonment and further explained that it chose this sentence "to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of [Torres Palos]." (*Id.* at 16.) Both parties responded that they had no objections after the district court asked the *Bostic* question. *See United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004).

## II.

On appeal, Torres-Palos challenges neither the district court's application of the sixteen-level enhancement nor its calculation of his Guidelines range. Torres-Palos claims only that his sentence is unreasonable because the district court "did not state any specific reason or reasons for imposing the sentence he imposed." (Torres-Palos Br. 14.) This is properly considered a claim that his sentence was procedurally unreasonable. *See United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) ("A sentence is procedurally unreasonable if the district court . . . failed adequately to explain the chosen sentence.").

We must first determine what standard of review applies to Torres-Palos's procedural reasonableness claim. Because Torres-Palos failed to object to the adequacy of the district court's explanation after a proper *Bostic* question, *see Bostic*, 371 F.3d at 873, our review of this claim would normally be for plain error only. *See United States v. Simmons*, 587 F.3d 348, 353-54 (6th Cir. 2009) (explaining that the *Bostic* procedural rule is "especially pertinent with respect to objections that concern the adequacy of the court's explanation"). However, the government has not sought plain-error review on appeal and therefore we review Torres-Palos's claim under an abuse-of-discretion standard. *See United States v. McCarty*, 628 F.3d 284, 289 (6th Cir. 2010); *United States*

*v. Escalon-Velasquez*, 371 F. App'x 622, 624 (6th Cir. 2010) (holding the abuse-of-discretion standard applied because "the Government did not request the heightened standard, and we do not apply plain-error review unless a party asks").

When determining what sentence to impose, a district court must consider the § 3553(a) factors, but it need not explicitly refer to each factor. *United States v. Hernandez-Fierros*, 453 F.3d 309, 312 (6th Cir. 2006). Rather, the court must "make an individualized assessment based on the facts presented and . . . discuss all relevant statutory factors to facilitate reasonable appellate review." *Simmons*, 587 F.3d at 358 (internal quotations omitted).

We find no deficiency in the district court's explanation of its chosen sentence. The district court stated that it was considering the § 3553(a) factors and expressed its view that Torres-Palos had received a significant break on his voluntary manslaughter conviction—both in the sentence imposed and the crime charged. The district court further noted that Torres-Palos had committed the illegal reentry while still on probation for his manslaughter conviction. This much Torres-Palos concedes. However, Torres-Palos contends that these statements only explain why the district court declined to impose a *non-Guidelines* sentence. We find this argument unpersuasive and decline to read the district court's explanation as cabined strictly to Torres-Palos's motion for a non-Guidelines sentence. The nature of Torres-Palos's past crimes and the fact that he illegally reentered the United States while still on probation equally serve to explain the district court's chosen sentence. This is further evidenced by the district court's summation after resolving Torres-Palos's outstanding motion and *after* allowing both parties to argue for what sentence they deemed appropriate, where it stated that it had considered the § 3553(a) factors and was imposing the sentence to reflect the

seriousness of the offense, to adequately deter such conduct, and to protect the public from further crimes by Torres-Palos.

Furthermore, the district court's response to Torres-Palos's motion for a below-the-Guidelines sentence was not its only discussion of the circumstances of his case. After hearing Torres-Palos's statement in allocution, the district court not only complimented Torres-Palos on his completion of the drug and alcohol treatment program, but also emphasized that his record indicated "a very, very serious problem with drinking and driving." (Sentencing Hr'g Tr., Dist. Ct. Docket No. 29, at 14.) Torres-Palos does not point to any relevant § 3553(a) factor or argument he presented that the district court neglected to address. *See United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (holding that when a defendant raises a non-frivolous argument for a lower sentence the record must show that the district court considered it and explained the basis for rejecting it); *United States v. Dexta*, 470 F.3d 612, 614-15 (6th Cir. 2006) ("The court need not explicitly consider each of the § 3553(a) factors; a sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion."); *see also United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (explaining that "this court has never required the ritual incantation of the [§ 3553(a)] factors" (internal quotation marks and citation omitted)). Torres-Palos claims only that the district court failed to explain why his sixty-four month sentence is sufficient but not greater than necessary. *See* 18 U.S.C. § 3553(a). We have previously explained, however, that if a district court "adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse—*why* an alternative sentence was not selected." *United States v. Gale*, 468 F.3d 929, 940

(6th Cir. 2006). Accordingly, the district court adequately explained the basis for its chosen sentence; hence Torres-Palos's sentence was procedurally reasonable.

Lastly, Torres-Palos's brief argues in one sentence that his sentence is substantively unreasonable because it is greater than necessary. (*See* Torres-Palos Br. 8.) While generally such cursory mention of an argument is insufficient to avoid waiver, *see United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999), we address it here briefly because it is without merit. Torres-Palos's within-Guidelines sentence is afforded a presumption of reasonableness, *see Rita v. United States,* 551 U.S. 338, 347 (2007); *United States v. Madden*, 515 F.3d 601, 609 (6th Cir. 2008), and Torres-Palos has not pointed to anything to overcome that presumption. *See Dexta*, 470 F.3d at 616 (defendant's "mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness"). His desire for a lesser sentence, "without more . . . does not justify this panel's setting [his] sentence aside." *See id.* We thus conclude that Torres-Palos's sentence is substantively reasonable.

**III.**

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.