NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0450n.06

No. 09-5929

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jul 06, 2011**

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) UNITED STATES DISTRICT |
| | ) C O U R T   F O R   T H E |
| v. | ) WESTERN DISTRICT OF |
| | ) KENTUCKY |
| TOMMY RAY LYKINS, | ) |
| | ) O P I N I O N |
| Defendant-Appellant. | ) |

BEFORE:    KENNEDY, SILER and McKEAGUE, Circuit Judges.

**PER CURIAM.**  Defendant Tommy Ray Lykins was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 27, 2009, he was sentenced to a prison term of 180 months and a five-year term of supervised release. On appeal, defendant contends that the district court erred in admitting a photograph into evidence that the prosecution had not disclosed in pre-trial discovery. Defendant argues that admission of the photograph resulted in unfair prejudice because it prevented him from adequately preparing a defense. On due consideration, we affirm.

Defendant Lykins was arrested at his home in Elkton, Kentucky on May 20, 2008, following a domestic dispute involving his wife and her thirteen-year-old daughter. Sheriff's Deputy Michael Kline testified that he arrived on the scene and was informed by defendant's frantic wife and her daughter that defendant had a gun. R. 39, Trial Tr. vol. 1 at 22. Defendant emerged from the trailer

carrying what Kline believed was a long rifle. *Id.* at 24-25. Defendant fled out the back door with the gun into the woods. *Id.* at 25-26. Although Kline gave chase, he decided to wait for back-up when he lost sight of defendant in the woods. *Id.* at 26. While Kline was still on the scene waiting for back-up to arrive, defendant returned from the woods without the gun and was arrested. *Id.* at 27. He eventually cooperated with the police and led them to the location in the woods where the rifle lay hidden. The rifle, a .30-30 Winchester, was seized and eventually admitted into evidence at trial. *Id.* at 28-29; 98.

Defendant was charged in the Western District of Kentucky with unlawful possession of a firearm, 18 U.S.C. § 922(g)(1). A jury trial commenced on April 14, 2009. Deputy Kline testified that defendant stated that he took off with the gun to hide it because he knew he was not supposed to possess a firearm, but claimed the gun was purchased by his wife. *Id.* at 31. Defendant's wife testified that she bought the gun at defendant's direction and with his money. *Id.* at 56. She also testified that on the day of the offense, defendant held the gun and pointed it at her. *Id.* at 54.

Defendant testified that the gun was his wife's and that he hid the gun in the woods a week before the domestic dispute. *Id.* at 119. On cross-examination, defendant testified that he knew that as a felon he was not permitted to hold a gun and asserted that since his felony convictions, he had never hunted with a gun. *Id.* at 133-36. The disputed photograph, showing defendant holding a rifle other than the one he was convicted of possessing, was introduced by the government to rebut defendant's testimony. *Id.* at 137-38. Defense counsel objected on grounds of authentication, but

the objection was overruled when defendant's testimony authenticated the photograph. *Id.* at 138.[1]

Subsequently, counsel objected on the grounds that the photograph had not been produced in pre-

trial discovery, thus depriving him of a chance to examine it before defendant testified. *Id.* at 139.

This objection was also overruled as the Assistant U.S. Attorney explained the photo was not

disclosed in discovery because he did not intend to introduce the photograph in his case-in-chief.

*Id.* at 139-40. Defendant went on to explain that the photograph was taken on Thanksgiving Day

in 2007, when his wife shot a deer on her first hunting trip. *Id.* at 149.

The trial concluded on April 15, 2009. The jury deliberated for thirty minutes before

returning its verdict, finding defendant guilty as charged. On July 27, 2009, defendant was sentenced

to a prison term of 180 months, the statutory mandatory minimum. On appeal, defendant raises one

issue, contending the conviction should be overturned because admission of the photograph was

unfairly prejudicial.

It appears that in arguing that defense counsel did not have opportunity to review the

evidence with defendant and prepare a defense, he contends the district court erred in admitting the

photograph over his objection because the government had violated its pre-trial discovery obligations

under Rule 16 of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(E) provides that, upon

defendant's request, the government must permit the defendant to inspect items such as photographs

in its possession if: "(i) the item is material to preparing the defense; (ii) the government intends to

use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the

---

[1]Defendant testified that he had seen the photo before, "right after the hunting season was over." *Id.* at 148. He believed the photo had been taken by his wife's brother. *Id.* at 148-49.

defendant." Fed. R. Crim. P. 16(a)(1)(E). If a party fails to comply with Rule 16, the court has discretion to impose a number of sanctions, including ordering discovery, granting a continuance, excluding the evidence, or entering "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). Construing the district court's admission of the photograph over defendant's objection as a finding that the government had not violated Rule 16, we review the district court's decision under Rule 16 for abuse of discretion. *United States v. Jordan*, 544 F.3d 656, 667 (6th Cir. 2008).

We note that the parties were specifically required by a pre-trial order to comply with the discovery requirements of Rule 16. The government does not deny that defendant made a request for materials discoverable under Rule 16. Further, defendant does not dispute the government's contention that it did not intend to use the photograph in its case-in-chief. Nor has he asserted that the photo was obtained by the government from him. *See supra* n.1. Hence, the government's nondisclosure of the photo can be found violative of Rule 16 only if the photo is shown to have been "material to preparing the defense."

The government first contends that defendant's nonspecific objection that the photograph had not been timely produced was insufficient to preserve the issue for appeal as a Rule 16 violation. The government contends that because defendant did not clearly object on the basis that the photograph was material to preparing a defense or even cite Rule 16 in his objection, plain error review should apply. *United States v. Seymour*, 468 F.3d 378, 384 (6th Cir. 2006) (explaining that appellate courts review for plain error where a defendant does not state the "specific ground" for his

objection). However, a party is only required to state the specific ground of objection to the admissibility of evidence if the ground is not "apparent from the context." *United States v. Haywood*, 280 F.3d 715, 725 (6th Cir. 2002) (holding that objection to evidence as irrelevant and prejudicial was sufficient to preserve Fed. R. Evid. 404(b) issue). Here, although defense counsel did not specifically cite Rule 16, his objection complained of his inability to prepare defendant to testify regarding the evidence. Moreover, in response to defendant's objection, the prosecution referred to the other subsection of Rule 16, the "case-in-chief" provision. The context thus made it clear that defendant's objection implicated Rule 16. Hence, we review for abuse of discretion, not just for plain error. *See Jordan*, 544 F.3d at 667.

Nevertheless, defendant fails to demonstrate that the district court abused its discretion in admitting the photograph. "A defendant does not satisfy [the] requirement that an object be 'material to the preparation of the defendant's defense' by means of merely conclusory arguments concerning materiality." *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991) (internal citation omitted). Rather, defendant must make a *prima facie* showing of materiality. *Id.* Materiality under Rule 16 has not been authoritatively defined in this Circuit. However, the Supreme Court has determined that "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). Therefore, the rule applies only to "'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.'" *United States v. Robinson*, 503 F.3d 522, 532 (6th Cir. 2007) (quoting *Armstrong*, 517 U.S. at 462). It follows that information which does not counter the government's case or

bolster a defense is not material "merely because the government may be able to use it to rebut a defense position." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). Rather, there must be an indication that pre-trial disclosure would have enabled the defendant to "alter the quantum of proof in his favor," not merely that a defendant would have been dissuaded from proffering easily impeachable evidence. *Id.* In assessing materiality, we consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole. *See id.*

As the government correctly notes, the photograph at issue depicting a firearm different from the one defendant was charged with possessing, was not essential to the government's case and would not have assisted defendant in refuting the government's case. The photograph was unfavorable to defendant because it contradicted his testimony that he had not held or hunted with a gun. Although a chance to reconsider his plan to testify would certainly have been beneficial to defendant, a Rule 16 violation cannot be sustained based merely on an argument that disclosure would have resulted in reconsideration of defendant's decision to testify or formulation of a more effective defense strategy. *See id.*

Nor are we persuaded that the quantum of proof in defendant's favor would have been significantly altered if the photograph had been disallowed. The government presented considerable evidence, in the form of the testimony of defendant's wife and Deputy Kline, supporting the finding that defendant possessed a firearm on the date he was arrested. Moreover, defendant admitted he had possessed the rifle when he carried it into the woods—although he testified that he actually

carried it into the woods a week before the date of his arrest. R. 39, Trial Tr. vol. 1, at 119-20, 140-41. Furthermore, defendant had an adequate opportunity to explain the photograph to the jury in response to cross-examination and on redirect examination. *Id.* at 136-38, 148-49.

Accordingly, defendant has failed to demonstrate that the photograph was so material to the preparation of his defense as to render its admission at trial an abuse of discretion.[2] Furthermore, even if we were to find that admission of the photograph was in error, the error would be deemed harmless because it did not materially affect the verdict, given the substantial evidence supporting the government's case. *See Phillip*, 948 F.2d at 251 (Rule 16 error held to be harmless under Fed. R. Crim. P. 52(a) unless "more probable than not that the error materially affected the verdict").

Accordingly, the district court's judgment is **AFFIRMED**.

---

[2]The district court did not expressly consider materiality, resting its decision solely on the fact that the prosecution did not intend to introduce the evidence in its case-in-chief. Nonetheless, we may affirm on any grounds supported by the record, even if different from the reasons cited by the district court. *See United States v. Howard*, 621 F.3d 433, 457 (6th Cir. 2010).