**File Name: 13a0322n.06**
NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
No. 11-6263

**FILED**

*Apr 02, 2013*

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| | ) | O P I N I O N |
| PHILLIP JAMES CLINGMAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS, McKEAGUE, Circuit Judges, and CARR, District Judge.[*]

**CARR, District Judge.** Defendant-Appellant, Phillip James Clingman, appeals his April 13, 2011, jury-trial conviction for transporting child pornography in violation of 18 U.S.C. § 2252(a)(1). He also appeals his sentence of 240 months' imprisonment and one condition of his supervised release.  For the reasons set forth below, we **AFFIRM** defendant's conviction and sentence, but refrain from deciding the propriety of his condition of supervised release.

---

[*]The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an investigation into child pornography on a file-sharing website, Radar.net. In 2008, the FBI received information indicating the California-based website was being used to store and distribute child pornography.

The website required new users to provide a personal email address and phone number. It also required new users to choose a screen name and password. The website allowed users to upload pictures from computers or cellular phones. To upload an image, a user would email it to a unique, unalterable email address provided by the website. Only a person with this email address and a user's password could post pictures to the user's account.

Users could post a comment or title with each uploaded image, which the website automatically time-stamped. After a user uploaded an image, the user could share it with others by giving them a "join code" linked to the account. The website kept records showing the time, date, and internet protocol address associated with each user log-in.

FBI Special Agent Stephen Lies, the case agent for the investigation, determined that a website user page registered under the screen name "xcon28" contained images of child pornography. The xcon28 user maintained about nineteen pages of content with several images of child pornography on each page on the website.

Agent Lies determined the xcon28 username was associated with the email address phillipclingman@yahoo.com. A website representative told Agent Lies the user identified as xcon28 had given 6155061353@mms.mycricket.com as his mobile email address, and (615) 506-1353 as his cell phone number. Phone records established the phone number belonged to defendant. In an

email sent from the phillipclingman@yahoo.com account, the sender identified himself as "xcon28 from Radar." The sender offered to share pictures directly with the recipient. Defendant, a former convict, was twenty-eight years old when the xcon28 user account was created.

Internet protocol addresses showed the user xcon28 had logged in repeatedly from several IP addresses. One of these IP addresses corresponded with a charitable organization, Greenhouse Ministries (Greenhouse), and another corresponded with the Tennessee Technology Center (TTC), an affiliate of the Tennessee university system. Defendant volunteered in 2008 at Greenhouse, where he had computer and internet access. He studied at TTC from January 2007 to January 2008. There, he had computer and internet access in a laboratory course.

A representative from the Tennessee Board of Corrections testified about defendant's multiple criminal convictions. After one such conviction, he was incarcerated from January 30, 2008, through March 25, 2008. While in custody, defendant had no access to computers or phones with internet access. During that time, the xcon28 account was inactive. The only exception was one unsuccessful login attempt from an IP address belonging to a company in the United Kingdom.

Defendant's TTC classmate, Kevin Prather, testified that a TTC teacher, Burt Pelsue, approached him with concerns that there may be pornography on TTC computers. Pelsue told Prather he feared he would lose his job if anyone found out about the pornography. Prather knew several people looked at pornography on TTC computers. Pelsue asked Prather to remove the pornography from one computer. Pelsue committed suicide six months after the FBI arrested defendant.

Defendant admitted to Agent Lies he used computers at Greenhouse and TTC. Defendant confirmed he had owned the cellular phone associated with (615) 506-1353, but had sold it a few

3

months before his arrest to a friend named Clyde Craun.  Defendant admitted having the email address phillipclingman@yahoo.com.  Defendant stated he did not own a computer.  He acknowledged using his cellular phone to send sexual images of adults, but denied ever transmitting pornographic pictures of children.  Defendant admitted past visits to the website.  He also confirmed he owned the xcon28 user account.

Craun testified that defendant took a picture of him using the cellular phone that Craun bought from defendant.  The text "MDMNFILI" appeared under the picture.  The same text appeared under an image on xcon28's website page.

Craun acknowledged purchasing the cellular phone from defendant.  Craun received a new phone number when he transferred the phone to his name.  He had the phone for about three months before giving it to the FBI in August, 2008.  Craun denied accessing the website or Yahoo! email services.  He told Agent Lies that, because he is illiterate, he did not use the internet.  The phone's web browser history, however, showed someone had, at some time, accessed both the website and Yahoo! email from the phone.

Craun testified that he and defendant were together on July 2, 2008, from lunchtime to 5:00 p.m.  On that day, someone uploaded an image containing child pornography to xcon28's website account from a Greenhouse computer.

While at TTC, defendant had a dispute with another student, Eric Narvaez.  Defendant believed Narvaez put nails under his tires because defendant had obtained a position that Narvaez wanted.  Narvaez testified that he saw defendant looking at pornography on TTC computers.  Defendant had an altercation on January 30, 2008, and TTC suspended him.  Defendant never returned.

4

Narvaez testified he left TTC before September, 2007. Defense counsel objected to his testimony because it encompassed a time period outside that referenced in the indictment. The trial court allowed Narvaez's testimony as "relevant conduct," but told the jury the testimony did not directly prove defendant's guilt or innocence.

During cross-examination, defense counsel asked Agent Lies whether the cellular phone obtained from Craun contained any images of child pornography. Agent Lies stated that, although not apparent from the image itself, one image on the phone contained child pornography. Agent Lies stated he knew it contained child pornography because he "recognize[d] it as a known image." The purported image on the cellular phone was not part of the basis for the charges against defendant.

Defense counsel objected and moved for a mistrial, stating the government had not disclosed the image during discovery. Agent Lies testified he did not recall defense counsel asking him whether the phone contained child pornography. Defense counsel called defendant's IT specialist, who, defense counsel stated, was present when he had asked Agent Lies whether the phone contained child pornography. The IT specialist did not recall defense counsel having asked whether the phone contained pornography of any kind. The trial court denied defendant's motion for a mistrial. The judge concluded that further cross-examination sufficed to protect defendant's rights. After jury instructions and deliberations, the jury convicted defendant as charged.

Before sentencing, defense counsel argued that the sentencing guidelines regarding child pornography had developed irrationally over time. He requested a downward variance on policy grounds. The trial court rejected the argument:

> The defense has argued that the guidelines for child pornography are unreasonably harsh and that . . . the guidelines [for] actually inflicting physical sexual injury to a child are lower than these, than these guidelines that deal with child pornography.

And I think those are issues for the policy-makers, for the congress, those are arguments that should best be presented to those who craft the guidelines and who take that information to recommend change. I'm not insensitive to those things . . . and I do not fault anyone for making them, but I think those are policy matters that go to . . . entities other than the court.

In imposing the 240-month sentence, with five years' supervised release to follow, the trial court ordered, as a special condition of supervised release, that defendant not "use any kind of online service without pre-approval from the probation office."

Defendant brings this appeal.

## II.  DISCUSSION

### A. Lies's Testimony

Defendant first argues the trial court abused its discretion by denying his motion for a mistrial on the basis that the government did not disclose the pornographic image on the cellular phone before trial.  We disagree.

This court reviews a trial court's ruling on discovery matters for an abuse of discretion. *United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010); *United States v. Jordan*, 544 F.3d 656, 667 (6th Cir. 2008).  We also review denial of a motion for mistrial for an abuse of discretion. *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990).

As an initial matter, the trial court rejected defense counsel's assertion that the government deliberately misled defense counsel.  Its doing so was well founded: Agent Lies and defendant's IT technician both testified they did not recall defense counsel asking whether the cellular phone contained child pornography.  As the trial court found, Agent Lies testimony, as corroborated by the IT consultant, supported the conclusion that the government did not mislead defense counsel.  The

6

court had an adequate basis for resolving the "different recollections" about the conversation in the government's favor. There was no evidence of governmental intentional misconduct. We therefore reject defendant's contention to the contrary. *See United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995) (observing that whether the government intentionally withheld discovery material is a factual question resolved by the trial court).

Under Federal Rule of Criminal Procedure 16(a)(1)(E):

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

The Adam Walsh Child Protection and Safety Act precludes a defendant from obtaining a copy of child pornography in preparation for trial, and the statute explicitly controls over Rule 16. 18 U.S.C. § 3509(m)(2)(A). Instead, the government must make material that is otherwise discoverable under Rule 16 "reasonably available to the defendant" by giving him "ample opportunity" to inspect it before trial. 18 U.S.C. §§ 3509(m)(2)(A) and (B).

Defendant requested all evidence discoverable under Rule 16. The government made its evidence, including the cellular phone obtained from Craun, available to defense counsel before trial. However, the government did not inform defense counsel the phone contained an image of child pornography.

Defendant first argues the right to inspect evidence under Rule 16 necessarily includes a right to notice that the government may seek to prove a particular image contains child pornography. We reject this assertion.

Rule 16(a)(1)(E)(ii) did not obligate the government to disclose the image found on the cellular phone. The facts show the government did not intend to use the image in its case-in-chief, and defendant has failed to provide any evidence or argument to the contrary. Although Agent Lies in fact testified regarding the image in the government's case-in-chief, it does not appear the government intended to present, or even anticipated, this testimony. Defense counsel, not the government, raised the issue of possible child pornography on the phone.

The government merely intended, at most, to use the image to rebut defendant's position at trial.[1] Defendant sought to show the government lacked proof he personally possessed pornography in a medium other than the website. As the government notes, it provided defendant with the opportunity to inspect the cellular phone, and he did not do so. If defense counsel intended to argue at trial that the phone did not contain child pornography, it was incumbent on defense counsel to ensure that was true by taking advantage of the opportunity to examine the phone. Even if the government intended to rebut defendant's position with the image, this does not refute the government's position that it did not intend to rely on the image in establishing its case-in-chief. Thus, Rule 16(a)(1)(E)(ii) did not require disclosure of the image.

---

[1] Although the result may be different had the government intentionally decided to inject testimony regarding the image into cross-examination as part of its case-in-chief to circumvent Rule 16, this was not the case here. In other words, the image on the cellular phone amounted to true rebuttal evidence, rather than evidence directly supporting the government's case-in-chief. This is supported by the fact that the image did not serve as a basis for the government's charge against defendant.

Likewise, Rule 16(a)(1)(E)(iii) did not require disclosure because the government obtained the image by confiscating the cellular phone after defendant sold it to Craun. Defendant, therefore, did not own or possess the phone at the time the government obtained it. To establish a Rule 16 violation, therefore, defendant must show the image was material to preparing his defense under Rule 16(a)(1)(E)(i).

To obtain disclosure of a document under Rule 16(a)(1)(E)(i), the defendant must make a *prima facie* showing of its materiality. *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991). Although this court has not authoritatively defined materiality under Rule 16, it has established "that information which does not counter the government's case or bolster a defense is not material 'merely because the government may be able to use it to rebut a defense position.'" *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011) (*per curiam*) (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993)). "Rather, there must be an indication that pre-trial disclosure [of the contested document] would have enabled the defendant to 'alter the quantum of proof in his favor,' not merely that a defendant would have been dissuaded from proffering easily impeachable evidence." *Id.* (quoting *Stevens*, 985 F.2d at 1180); *see also United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) ("For the defendant to show materiality under this rule, '[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor.'") (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975))); *but see United States v. Marshall*, 132 F.3d 63, 67-70 (D.C. Cir. 1998) (inculpatory evidence may be discoverable under Rule 16(a)(1)(E)(i)).

Defendant's Rule 16(a)(1)(E)(i) materiality argument fails for two reasons. First, Rule 16(a)(1)(E)(i) merely requires the government to disclose information that "alter[s] the quantum of

proof in [the defendant's] favor." *Lykins*, 428 F. App'x at 624. The image found on the cellular phone could not alter the quantum of proof in defendant's favor. Rather, the image tended to alter the proof in the government's favor by showing defendant used other means, besides the website account alone, to store, and potentially transmit, child pornography.

Second, "information . . . is not material 'merely because the government may be able to use it to rebut a defense position.'" *Lykins*, 428 F. App'x at 624-625. Defendant attempted to undermine the government's case by taking the position, during his opening statement, that he never possessed child pornography in any medium other than the website. Therefore, he argued, it was less likely the child pornography contained on the website belonged to him. Had defendant known about the image, his counsel would probably not have elicited testimony about images on the phone. However, the fact that disclosure of the image would have resulted in the "formulation of a more effective defense strategy" is insufficient to render the undisclosed image material. *Id.* at 625; *United States v. Dobbins,* 482 F. App'x 35, 42 (6th Cir. 2012).

In *Lykins*, 428 F. App'x at 624, the defendant was charged with being a felon in possession of a firearm. The defendant testified that he had not possessed a firearm since his felony convictions. *Id*. at 623. The government then questioned the defendant about a photograph of him holding a rifle other than the one he was charged with possessing. *Id*. Defense counsel objected, arguing the government had not disclosed the photograph under the court's Rule 16 discovery order. *Id.* The defendant admitted he possessed the rifle in the photograph after he was convicted of a felony. *Id*.

On appeal, a panel of this court concluded:

As the government correctly notes, the photograph at issue depicting a firearm different from the one defendant was charged with possessing, was not essential to the government's case and would not have assisted defendant in refuting the

10

government's case. The photograph was unfavorable to defendant because it contradicted his testimony that he had not held or hunted with a gun. Although a chance to reconsider his plan to testify would certainly have been beneficial to defendant, a Rule 16 violation cannot be sustained based merely on an argument that disclosure would have resulted in reconsideration of defendant's decision to testify or formulation of a more effective defense strategy.

*Lykins*, 428 F. App'x at 624-625 (internal citation omitted).

Here, as in *Lykins*, the indictment did not include the cellular-phone image. Thus, proof of that image was not essential to the government's case-in-chief. Rather, the government sought to prove that defendant transported several images containing child pornography by posting them to the website. Additionally, presenting the image would not have assisted defendant in refuting the government's case. To be sure, the image contradicted defendant's position that the government had no proof that he possessed child pornography in any medium besides the website. The mere possibility that the defendant could have formulated a more effective defense, had he been aware of the cellular phone image, is not a basis for finding a Rule 16 violation.

Defendant argues that, had the government notified him that the cellular telephone contained alleged child pornography, he could have more effectively cross-examined Agent Lies. He claims that, if he had retained an expert to analyze the photograph, the expert might have determined it was not child pornography. In which case, he contends he could have rebutted Agent Lies' testimony to the contrary. This, he argues, renders the image material to his defense.

Even assuming an expert would have concluded the image was not child pornography, impeachment evidence regarding an image not included in the government's case-in-chief, and that tended to incriminate defendant, would not have altered the overall quantum of proof in defendant's favor. More likely, defense counsel would not have questioned Agent Lies about the image, thereby

avoiding bringing it to the jury's attention. Therefore, the image was not material to preparing a defense, and did not implicate Rule 16.

Defendant also argues disclosure of the image would have affected his decision to proceed to trial. However, this argument merely restates his previous argument about what he might have done with foreknowledge of the image. Essentially, defendant argues that, had he known Agent Lies would contradict has claim about not having child pornography elsewhere, he would have done something different; namely, pled guilty. Again, the image was not material merely because the government might have used it to rebut defendant's position at trial. Failure to know this would occur in advance, therefore, does not render the image material. *C.f. United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988) (Rule 16 does not require pre-trial disclosure of *Brady* material).

Even assuming a violation of Rule 16, defendant's failure to request less severe, alternative remedies weakens his argument that a mistrial was required. Rule 16 states, if "a party fails to comply with this rule, the court may . . . prohibit that party from introducing the undisclosed evidence[ ] or . . . enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). A court does not, therefore, necessarily abuse its discretion by refusing to declare a mistrial when the government fails to turn over evidence under the rule. *United States v. Clark*, 385 F.3d 609, 621 (6th Cir. 2004).

A trial court should impose "the least severe remedy available to cure prejudice" when faced with a potential Rule 16 violation. *Maples*, 60 F.3d at 247; *see also United States v. Dennison*, 891 F.2d 255, 259 (10th Cir. 1989); *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989). Less severe remedies were available to cure the alleged prejudice in this case. For example, defendant could have requested a continuance to retain an expert to examine the image. Even absent that

12

request (or even had the court overruled such request, had it been made), defendant failed to ask for an appropriate limiting or curative instruction.

Defendant also argues the government violated Federal Rule of Criminal Procedure 16(a)(1)(G) by failing to provide notice that Agent Lies would offer expert testimony. This rule provides, in pertinent part:

> At the defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use . . . during its case-in-chief at trial.

As discussed *supra*, defendant has failed to show the government intended to use Agent Lies as an expert witness in its case-in-chief to interpret the image. Only during cross-examination, when defense counsel questioned Agent Lies about the disputed image, did he express his opinion. Because defendant failed to show the government intended this result, it did not have to provide a summary of Agent Lies' testimony.[2]

A new trial is not justified as a remedy for discovery violations unless the error affected the defendant's "substantial rights." *Clark*, 385 F.3d at 620-621. If the error did not affect the defendant's substantial rights, the error is harmless and must be disregarded. Fed. R. Crim. P. 52(a).

As fully discussed *infra*, the government presented strong evidence demonstrating defendant posted many images of child pornography to the website. Defendant admitted he accessed the website and owned the xcon28 user account. Defendant used his personal email address and phone number to set up the account, thereby establishing a firm link between the pictures on the secure site and his personal, and likely private, means of electronic communication. Defendant had internet

---

[2] In any event, it does not appear that the prosecutor anticipated Agent Lies's testimony. A party has no obligation to produce something it does not know about.

access at both Greenhouse and TTC at times when images were posted to the xcon28 account from those locations. Postings ceased when defendant was incarcerated. When considered against the strong evidence of his guilt, defendant has failed to demonstrate the outcome of the trial would have been different absent testimony regarding the image. We therefore reject defendant's Rule 16 arguments.

## B. Narvaez's Testimony

Defendant next argues the trial court abused its discretion in allowing Narvaez to testify that defendant viewed pornography on TTC computers. We disagree.

This court reviews a trial court's evidentiary rulings for an abuse of discretion. *United States v. White*, 492 F.3d 380, 398 (6th Cir. 2007). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004) (citations omitted). However, reversal is only warranted "where the district court's erroneous admission of evidence affects a substantial right of the party." *White*, 492 F.3d at 398 (citing Fed. R. Evid. 103(a)).

This court has "consistently recognized the broad scope of allowable impeachment evidence and, more importantly perhaps, the significant discretion left to the trial court in this area." *United States v. Markarian*, 967 F.2d 1098, 1103 (6th Cir. 1992). A defendant's introduction of evidence may render his prior acts relevant for impeachment purposes, "thus making admissible what may not have been admissible otherwise" under Fed. R. Evid. 404(b). *See United States v. Jackson*, 95 F.3d 1153 (6th Cir. 1996) (unpublished table opinion); *United States v. Segines*, 17 F.3d 847, 856 (6th Cir. 1994) (admitting theretofore inadmissible evidence after defense broached topic on

14

cross-examination). Thus, the government may elicit rebuttal testimony when a defendant makes sweeping denials of activity relevant to the case. *Markarian*, 967 F.2d at 1103.

Though defendant did not testify himself, the testimony of his witnesses raised the inference that the defendant was not likely to have anything to do with child pornography. This, in turn, would have suggested that someone else was responsible for the images on the xcon28 user account. The government properly presented Narvaez's testimony to rebut this position. In *Markarian*, 967 F.2d at 1103, the defendant, rather than another witness, made a general denial of drug dealing. However, this distinction does not change the inquiry. To hold otherwise would allow a defendant to insulate his position by calling witnesses to present that position, rather than presenting his own testimony. *Cf. United States v. Newsom*, 452 F.3d 593, 601 (6th Cir. 2006) (finding cross-examination questions to be proper if designed to elicit testimony with "any tendency" to make the defendant's witness more or less credible.).

Additionally, the trial court properly limited the scope of Narvaez's testimony:

> Now while the testimony that was elicited is – is appropriate for relevant conduct, it is not probative of – directly of the issues charged in the indictment because he was not there at the time during the indictment. So just keep that in mind.

Because we presume that jurors follow their instructions, *United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011), and the government offered Narvaez's testimony for the legitimate purpose of rebutting defendant's witnesses' testimony, the trial court did not abuse its discretion in admitting the testimony.

15

## C. Sufficiency of the Evidence

Defendant argues the government presented insufficient evidence for a rational jury to find beyond a reasonable doubt that he committed the charged crime.  We disagree.

"A defendant claiming insufficiency of the evidence bears a very heavy burden." *White*, 492 F.3d at 393 (internal quotation marks omitted).  This court reviews sufficiency of the evidence claims to determine whether "any rational trier of fact could find the elements of the crime beyond a reasonable doubt."  *Id*.  This court reviews the "evidence in the light most favorable to the prosecution, . . . giving the government the benefit of all inferences that could reasonably be drawn from the testimony."  *Id*.  "[C]ircumstantial evidence alone can sustain a guilty verdict and . . . [such] evidence need not remove every reasonable hypothesis except that of guilt."  *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1984).  The court must resolve all conflicts in testimony in favor of the verdict.  *United States v. Amos*, 423 F. App'x 541, 548 (6th Cir. 2011).

Under 18 U.S.C. § 2252(a)(1), the government must prove: "(1) the defendant knowingly transported or shipped, (2) in interstate or foreign commerce, (3) any visual depiction involving the use of a minor engaging in sexually explicit conduct."  *United States v. Chambers*, 441 F.3d 438, 449 (6th Cir. 2006).  Defendant solely argues that the evidence was insufficient to support the jury's finding that he, rather than another person, posted the images to the xcon28 website account.

The government presented strong circumstantial evidence linking defendant to the xcon28 user account.  Agent Lies confirmed defendant had a prior conviction, and was twenty-eight years old when the xcon28 account was created.  The government proved the xcon28 account was set up with the email address phillipclingman@yahoo.com.  Defendant admitted he owned this email address.  Defendant also admitted he previously owned the cellular phone linked to the account.

16

Defendant's email address received emails from the website, and defendant acknowledged he had visited the website.

The government also presented sufficient evidence establishing defendant uploaded the images to the xcon28 account. Images were uploaded from both TTC and Greenhouse computers during times when defendant had internet access from those organizations. After defendant left TTC, uploading from that location ceased. Likewise, logins to the account stopped, and images did not appear on the account while defendant was incarcerated. Finally, an image on the xcon28 account contained the same distinctive lettering, "MDMNFILI," found on an image in the phone that defendant previously owned. This evidence provided a sufficient basis for the jury to conclude that defendant was responsible for posting the images to the xcon28 user account.

Defendant presented rebuttal evidence showing he may not have uploaded images to the website on certain dates. Specifically, one image was uploaded on December 21, 2007, a TTC student holiday, and students generally did not have computer access on holidays. Another image was uploaded on July 2, 2008. Craun testified he spent that afternoon with defendant and defendant did not access a computer during at that time. Finally, there was an unsuccessful login attempt to the xcon28 account during defendant's incarceration, showing another person at least attempted to access the xcon28 account. However, this court may conclude the jury discounted defendant's rebuttal testimony and credited the testimony that favored the government. *Amos*, 423 F. App'x at 548. When considered in light of the strong evidence supporting defendant's conviction, this evidence does not fatally undermine the jury's verdict.

## D. Sentencing

Defendant additionally argues the trial court abused its discretion in denying defendant's request for a downward variance. We disagree.

The government concedes the trial court did not follow the procedure required to compel plain-error review. *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Thus, this court reviews defendant's procedural challenge to the sentence for an abuse of discretion. *United States v. Torres-Palos*, 407 F. App'x 934, 936 (6th Cir. 2011).

Generally, this court presumes the district court knew and followed the law as to the advisory nature of the Guidelines. *United States v. Hooker*, 456 F. App'x 549, 557 (6th Cir. 2012); *United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006). The trial court need not state on the record that the Sentencing Guidelines are advisory. *United States v. Bailey*, 488 F.3d 363, 366-367 (6th Cir. 2007). "To rebut this presumption, the defendant must marshal evidence that the district court treated the Guidelines as mandatory." *Hooker*, 456 F. App'x at 557 (internal quotation marks omitted).

Defense counsel argued at length that the § 3553 factors favored a downward variance or a minimum sentence. Before sentencing, the trial court discussed the sentencing guideline calculations, which, as the court stated, "really boil[] down to the 3553 factors." The court considered defendant's past convictions, his abusive childhood, and noted the guidelines recommended a sentence in the highest possible category. The court also discussed defendant's crime, stating that actions like defendant's create a market for child pornography and fuel its production. This, in turn, leads to the victimization of children, which often leads to a lifetime of mental debilitation. The court discussed the need to protect the community, the need to impose a

18

sentence that promotes uniformity, and the need to impose a sentence properly tailored to punish defendant for his crime. The trial court twice mentioned, in discussing the presentence investigation report and defendant's offense level, that the guidelines are advisory.

The trial court then addressed defense counsel's policy arguments:

> The defense has argued that the guidelines for child pornography are unreasonably harsh and that they -- the guidelines [for] actually inflicting physical sexual injury to a child are lower than these, than these guidelines that deal with child pornography. And I think those are issues for the policy-makers, for the congress, those are arguments that should best be presented to those who craft the guidelines and who take that information to recommend change.
>
> I'm not insensitive to those things but I do think that -- and I do not fault anyone for making them, but I think those are policy matters that go to -- to entities other than the court.

The court concluded:

> And this afternoon considering all of those factors, and notwithstanding your earnest plea to the court, the court finds that the statutory max in this case, which is one-third below the minimum guideline range, is an appropriate sentence. And the court would impose that 240 month sentence.

Defendant has failed to demonstrate the trial court considered the sentencing guidelines mandatory. Rather, read in context, the trial court's statement merely shows it rejected defendant's policy-based arguments as a reason to vary from the guidelines. The trial court stated, despite defendant's argument, it considered 240 months' imprisonment an "appropriate sentence," which shows it found the sentence suitable based on the particular facts of this case. Finally, while generally discussing the case, the trial court twice stated that the guidelines are advisory. Taken together, the trial court's comments do not show it considered the guidelines mandatory.

19

## E. Probation Condition

Defendant finally argues that the trial court erred in imposing, as a condition of his supervised release, that he refrain from accessing internet-capable devices. However, we refrain from deciding this issue at this time because it is premature. *See United States v. Evers*, 669 F.3d 645, 662 (6th Cir. 2012) (noting that an appeal was premature "in light of the 235-month sentence that [the defendant] has yet to serve [and] the leeway afforded the probation department in tailoring" the special conditions).

For the foregoing reasons, we **AFFIRM** the judgement of conviction and sentence, but refrain from passing judgment on the condition of supervised release.