**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WAYNE BENJAMIN WASSON,

    Defendant - Appellant.

No. 20-3029
(D.C. No. 6:18-CR-10156-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Wayne Wasson appeals his convictions for transporting and possessing child

pornography in violation of 18 U.S.C. § 2252A(a)(1) and (a)(5)(B). He argues that

the government did not present sufficient evidence to prove the transportation

element of these offenses beyond a reasonable doubt. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

**I**

In 2018, Yahoo submitted a report to the National Center for Missing &

Exploited Children (NCMEC) CyberTipline identifying a user named

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"girlwantedlover" for uploading several images of child pornography through the Yahoo Messenger website on two separate occasions. Yahoo also provided law enforcement with the user's account information, including a verified phone number and IP address, and access to emails which conveyed child pornography to another Yahoo account. Law enforcement traced the IP address to Wasson's home address and verified that the cell phone number belonged to Wasson.

Google later submitted a separate report to NCMEC identifying "waynehanne0" as having uploaded child pornography onto its servers in 2017. The phone number and IP address associated with this account matched Wasson's. Google also provided law enforcement with access to the account's content, which included images of child pornography and an image of Wasson.

Pursuant to a search warrant, law enforcement searched Wasson's home and found his laptop and flash drive. Law enforcement later acquired Wasson's phone during an interview. The laptop contained images and videos of child pornography; the flash drive contained images of child erotica, and his phone contained information for the "waynehanne0" Google account and several Yahoo accounts with variations of the username "girlwantedlover."

In later interviews, Wasson admitted that he received child pornography through Skype and other programs. His Skype account revealed chats with another user involving the exchange of child pornography. Wasson also acknowledged downloading child pornography and saving it to his flash drive. However, he stated

2

that he did not remember sending child pornography to others and that if he had sent any, he regretted it.

Wasson was indicted on multiple counts of transportation of child pornography and possession of child pornography based on uploads to Yahoo Messenger on May 29, 2017 (Count 1); uploads to Google on November 27, 2017 (Count 2); emails sent through Yahoo on December 29, 2017 (Count 3); an upload to Yahoo Messenger on January 6, 2018 (Count 4); and the images found on his laptop and flash drive (Count 5).

The case went to trial, and, at the close of the government's case, Wasson moved for a judgment of acquittal under Rule 29(a), arguing that the government had not presented sufficient evidence that the child pornography was transported in interstate commerce. The court denied the motion, and the jury returned guilty verdicts on all counts. Wasson now appeals the denial of his motion for a judgment of acquittal, arguing again that there is insufficient evidence that the child pornography was transported.

## II

Sufficiency of the evidence challenges are reviewed de novo. United States v. Isabella, 918 F.3d 816, 830 (10th Cir. 2019). In determining whether the government presented sufficient evidence, this court views all evidence in the light most favorable to the government and reverses only if no reasonable jury could find the defendant guilty beyond a reasonable doubt. Id.

3

**A**

Wasson argues that there was insufficient evidence to prove the transportation element of the charged offenses. An individual is guilty of transporting child pornography when he "knowingly mails, or <u>transports</u> or ships [child pornography] using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(1) (emphasis added). An individual is guilty of possession of child pornography when he "knowingly possesses . . . an image of child pornography that has been mailed, or shipped or <u>transported</u> using any means or facility of interstate or foreign commerce . . . including by computer." 18 U.S.C. § 2252A(a)(5)(B) (emphasis added).

We have not explicitly addressed what "transport" means for purposes of this statute, but our own precedent and case law from other circuits provide clear guidance on this question. In defining "transport" in other contexts, we have consistently applied the term's ordinary meaning, to "convey from one person or place to another." <u>United States v. Wright</u>, 791 F.2d 133, 137 (10th Cir. 1986) (quotation omitted); <u>see also</u> <u>Atlantic Richfield Co. v. Farm Credit Bank of Wichita</u>, 226 F.3d 1138, 1153 (10th Cir. 2000) (transport means "to 'transfer or convey' something from one place to another"); <u>Transport</u>, Oxford English Dictionary (2021) ("The action of carrying or conveying a thing or person from one place to another."). Interpreting the statute at issue, other circuits have held that child pornography is transported when it begins in one location and is uploaded to a different location.

4

See United States v. Davis, 859 F.3d 429, 432, 434 (7th Cir. 2017) (images transported when uploaded to an "online photo-sharing website"); United States v. Clingman, 521 F. App'x 386, 393, 396 (6th Cir. 2013) (concluding images were transported when uploaded from a computer to Shutterfly). The Fourth Circuit, for example, held that the transport element of the statute was satisfied when an individual uploaded images of child pornography from his laptop onto an online file-storage account because "uploading child pornography to a website constitutes transportation." United States v. Fall, 955 F.3d 363, 374 (4th Cir. 2020). We follow our sibling circuits and conclude that to present sufficient evidence of transportation involving the uploading of child pornography, a reasonable juror must be able to find beyond a reasonable doubt that the child pornography began in the defendant's possession and was conveyed to another location or to another person. This burden can be met through evidence that the images were uploaded to a website.

The government contends that Congress' recent amendment to § 2252A made it clear that the transportation element does not require proof that the illicit images were moved from one location to another. However, the amendment to § 2252A did not alter the transportation element; it was limited to the interstate element. The amendment was made in response to our decision in United States v. Schaefer, which held that evidence that the internet was used to download child pornography was insufficient to prove the interstate or foreign commerce element of the offense. 501 F.3d 1197, 1201 (10th Cir. 2007). In light of this holding, Congress amended § 2252A to reduce the government's burden on the interstate commerce element. See

5

United States v. Baum, 542 F. App'x 724, 726-27 (10th Cir. 2013) (unpublished).[1]  It added that the element can be proven so long as the act was accomplished "using any means or facility of interstate or foreign commerce."  § 2252A(a)(1)(B); (a)(5)(B). This amendment did not alter the government's burden to prove the transport element.  Accordingly, we reject the government's contention that the transport element can be satisfied without proof that illicit images were moved from one location to another.

**B**

Although we disagree with the government's proposed definition of "transport," we conclude that the government presented sufficient evidence concerning all five counts.

Counts 1 and 4 alleged that Wasson uploaded images onto Yahoo Messenger on two occasions.  In support of these charges, the government first presented a record custodian for Yahoo.  Though the custodian was unable to testify about how Yahoo detects child pornography or the exact location of Yahoo's servers, she confirmed that a user named "girlwantedlover@yahoo.com" had uploaded several illicit images onto Yahoo Messenger.  The government also presented evidence that the IP address of the account that uploaded the images was connected to Wasson's home address and that the account's verified phone number matched Wasson's. Based on this evidence, a reasonable juror could have found beyond a reasonable

---

[1] We may cite an unpublished opinion for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

doubt that Wasson transported illicit images by uploading them from a personal device onto Yahoo messenger.

Regarding Count 2, alleging that Wasson uploaded illicit images onto Google's server, the government presented Google's report that it intercepted illicit images uploaded by "waynehanne0@gmail.com." FBI Special Agent Derek Velazco testified that when he accessed Wasson's Google account, he found that Wasson had downloaded the reported images and uploaded them to two separate folders within his Google account. He also saw the same images on Wasson's laptop. This evidence is sufficient for a reasonable juror to conclude beyond a reasonable doubt that the illicit images were transported from Wasson's laptop to a server maintained by Google.

Concerning Count 3, alleging Wasson sent child pornography through a Yahoo email account, the government introduced Yahoo's report stating that three emails with attachments including illicit videos had been sent from the "girlswantedlover" account to another Yahoo email user. Velazco testified that the videos sent in the emails had been obtained by Wasson from another individual through a conversation on Skype, and the government introduced statements by Wasson admitting to using his Skype account to obtain the child pornography. This evidence is sufficient for a reasonable juror to conclude beyond a reasonable doubt that the videos were transported from one of Wasson's personal devices to another individual through email.

7

Finally, regarding Count 5's allegation that Wasson possessed child pornography, Wasson admitted that he downloaded child pornography from a server onto his own computer, and the government introduced evidence of chats on Skype in which Wasson obtained illicit images. Further, Velazco testified that he found child pornography when he searched Wasson's laptop. This is sufficient evidence that Wasson possessed child pornography that had been transported.

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge